## THOMPSON v. PATTERSON.

### October 14, 1837.

*Rule to show cause why the writ of summons should not be quashed.*

The issuing of a summons in *this court*, returnable on the Saturday preceding the first Monday (the beginning) of the term is bad, and will be quashed.

The 31st section of the act of 13th of June, 1836, providing for the issuing of a summons, returnable on the day next preceding the last day of the term succeeding the day of the issuing, does not apply to the process of this court. (See note as to other courts of Pennsylvania.)

THIS was a writ of summons issued to September term, 1837. It issued on the 28th day of August, which was less than ten days before the first day of the next term, *i. e.* September term, and was made returnable on the second day of December, *i. e.* the Saturday preceding the first day (Monday) of December term. The defendant obtained this rule to show cause why the writ should not be quashed.

*Meredith,* for the rule.

*O. Thompson,* contra, referred to the act of 13th June, 1836, section 31, (*Stroud's Purd. tit. Action,*) which provides that in case of a writ of summons, if there be not ten days between the issuing thereof and the first day of the next term of the court, the writ may be made returnable on the day next preceding the last day of such term, or upon the first day of the second term next after the issuing of the writ.

The opinion of the court was delivered by

Jones, J.—We are reluctant to quash process for informality, but in this case it cannot be avoided. The return day appointed in this writ is not authorized by the act of assembly referred to. By the act of 30th March, 1811, section 4, four terms are appointed to this court, to begin on the first Monday of June, the first Monday of September, the first Monday of December, the first Monday of March, respectively; but the days upon which these terms shall terminate, are not appointed by any act of assembly. The act of 1811 requires, that if the number of suits

[Thompson v. Patterson.]

should render it necessary, the judges shall sit daily, Sundays excepted, during at least nine months in every year, and gives them power to hold adjourned courts whenever the business of the court shall require them to do so.   This leaves the continuance of the sessions of the court to some extent discretionary, and of course indefinite, until the court itself shall, by rule or by its arrangements of business, determine the continuance of its sessions at each term.   This provision, therefore, of the 31st section, cannot be deemed to authorize the return day appointed in this writ.   Whether that section of the act refers to this court, need not be determined.   The writ issued in this case is quashed.

Rule absolute.[a]

*Rule to show cause why the writ should not be quashed.*

---

[a] This decision does not interfere with the provision of the 31st section of the act of June 13, 1836, by which writs may be made returnable on the next day preceding the last day of the term, where, as in many of the county courts of Pennsylvania, the duration of the terms is designated by law.